# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:98-CR-158 |
| GENE BARRET JOHNSON a/k/a GEXEX JOHNSON, | (JUDGE CAPUTO) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendant Gene Barret Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 240.) The Court finds that Defendant has failed to establish that he suffered prejudice as a result of counsel's alleged deficient performance. Accordingly, the Court will deny the motion. Moreover, because Defendant failed to make a substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability.

## BACKGROUND

On August 10, 1999, a grand jury returned an indictment charging Defendant with: (1) two counts of possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 1-2); (2) one count of possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3); (3) one count of possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 4); and (4) one count of possession of a firearm during and in relation to a drug trafficking felony in violation of 21 U.S.C. § 841(a) (Count 5). On January 5, 2000, the Court granted Defendant's motion to sever Count 1 from the remaining charges. On February 15, 2000,

a jury trial on Count 1 commenced.  The following day, February 16, 2000, the jury found Defendant guilty on Count 1.  On July 14, 2000, the Court sentenced Defendant to a term of incarceration of fifty-one months.  On September 5, 2000, a jury trial on Counts 2-5 commenced.  On September 8, 2000, the jury found Defendant guilty on Counts 2-4.  The Government withdrew Count 5.  On May 24, 2001, the Court sentenced Defendant to a term of incarceration of 108 months to run concurrently with the sentence imposed following Defendant's conviction on Count 1.  Defendant filed a direct appeal with the United States Court of Appeals for the Third Circuit.  Defendant's conviction was affirmed.  Thereafter, Defendant filed a petition for writ of certiorari with the United States Supreme Court.  Defendant's petition was denied.  Defendant then filed the instant motion pursuant to 28 U.S.C. § 2255.  The matter is fully briefed and ripe for disposition.

## STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts instructs that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."  In such instances, an evidentiary hearing is not required.  *Gov't of Virgin Islands v. Nicholas,* 759 F.2d 1073, 1075 (3d Cir. 1985).

## DISCUSSION

Defendant argues that he is entitled to relief because during the sentencing proceedings held on May 24, 2001, counsel did not argue that Defendant should be given credit for the time he had already served under the sentence imposed on July 14, 2000, pursuant to U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(b) (2000).  Defendant argues

2

that the deficiencies of counsel denied him the right to effective assistance of counsel in violation of *Strickland v. Washington*, 466 U.S. 668 (1984).

As noted above, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."  In the context of a claim of ineffective assistance of counsel, the Court must determine whether the movant has presented any nonfrivolous claims which satisfy the standard set forth by the Supreme Court in *Strickland*.  *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988).  In doing so, the Court must accept as true all nonfrivolous allegations in the motion.  *Id.*

To demonstrate that his counsel's performance was constitutionally infirm under *Strickland*, Defendant must first establish that his counsel's "'representation fell below an objective standard of reasonableness' meaning 'reasonableness under prevailing professional norms.'"  *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001) (quoting *Strickland*, 538 U.S. at 688).  When reviewing the claims of Defendant, the Court must be highly deferential in order to evaluate the challenged conduct from counsel's perspective at the time it allegedly occurred.  *Id.*  Second, Defendant must establish that as a result of his counsel's deficient performance, he suffered prejudice.  *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).  To demonstrate prejudice, Defendant must establish that there is a "reasonable probability that, but for the counsel's unprofessional errors, the result would have been different."  *Id.*  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  Thus, if the nonfrivolous claims set forth in

Defendant's motion fail to demonstrate either the deficiency of counsel's performance or prejudice to Defendant, a hearing is not required, and the Court must dismiss the motion.

Although it is highly doubtful that counsel's decision not to request an adjustment of Defendant's sentence pursuant to § 5G1.3(b) qualifies as deficient performance, assuming *arguendo* that it does, Defendant's motion still fails because an adjustment pursuant to § 5G1.3(b) was not warranted. At the time of Defendant's sentencing proceeding on May 24, 2001, § 5G1.3(b) stated:

> If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

Application Note 2 of § 5G1.3 further states:

> When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

Thus, where the Court sentences a defendant who is already serving a term of incarceration for an initial offense, an adjustment to the sentence for the subsequent offense should only be made if the Court takes into account conduct which lead to the term of incarceration on the initial offense when determining the appropriate guideline range for the subsequent offense.

On May 24, 2001, the Court conducted sentencing proceedings following Defendant's conviction on Counts 2-5. (Doc. 209.) The Court sentenced Defendant to a

term of incarceration of 108 months to run concurrently with the sentence imposed as a result of his conviction on Count 1. (*Id.*)  In determining the appropriate sentence, the Court calculated the base offense level relying solely on the amount of drugs attributable to Defendant resulting from his arrest on May 27, 1999.[1] (Presentence Investigation Report ¶ 21; *see also* Tr. at 28.)  None of the drugs attributable to Defendant resulting in his conviction on Count 1 and sentence of fifty-one months were taken into account when the Court arrived at base offense level of 26.  In addition, Defendant received a two level enhancement for possessing a firearm in connection with a drug offense pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1) and an additional two level enhancement for obstruction of justice pursuant to U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 for committing perjury.  (Presentence Investigation Report ¶ 22 & 25; *see also* Tr. at 28.)  Again, in reaching the total offense level of 30, the Court did not take into account any of the conduct which lead to Defendant's conviction or ultimate sentence on Count 1.  The Court determined that Defendant had a criminal history score of two points due to convictions in Philadelphia Municipal Court in 1994 and 1997.  (Presentence Investigation Report ¶ 31-32; *see also* Tr. at 28.)  Defendant's conviction on Count 1 was not taken into account in arriving at this score.  (Presentence Investigation Report ¶ 33.)  In light of the foregoing, it is clear that the Court arrived at a guideline range of 108 to 135

---

[1] Specifically the Court found that 9.55 grams of cocaine base (191 kilograms marijuana equivalent), 20.1 grams of cocaine (4.02 kilograms marijuana equivalent), and 43.6 grams of marijuana were attributable to Defendant.  In accordance with U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 this converts to a total of 195.06 kilograms marijuana equivalent.  U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(7) places this drug quantity at a base offense level of 26.

5

months without taking into account any of the conduct which lead to Defendant's incarceration following his conviction on Count 1.  Accordingly, Defendant was not entitled to an adjustment pursuant to § 5G1.3(b).  Therefore, even if Defendant's counsel had requested an adjustment pursuant to § 5G1.3(b), the outcome of the sentencing proceedings would not have been different.  Thus, because Defendant cannot establish prejudice, the Court will dismiss Defendant's motion.

## CONCLUSION

The Court finds that Defendant was not deprived of effective assistance of counsel during the sentencing proceeding held on May 24, 2001, when counsel did not argue for an adjustment to Defendant's sentence pursuant to U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(b) (2000).  In accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court will dismiss the motion.  Moreover, because Defendant failed to make a substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability.

An appropriate Order follows.

June 20, 2005  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:98-CR-158 |
| GENE BARRET JOHNSON a/k/a GEXEX JOHNSON, | (JUDGE CAPUTO) |
| Defendant. | |

**ORDER**

**NOW**, this  20th  day of June, 2005, **IT IS HEREBY ORDERED** that:

(1) Defendant Gene Barret Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 240) is **DISMISSED**.

(2) A certificate of appealability shall not issue.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge