# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:98-CR-158 |
| GENE BARRET JOHNSON a/k/a GEXEX JOHNSON, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Gene Barret Johnson's Emergency Motion For Reconsideration (Doc. 253), which the Court construes as a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court finds that Defendant is not entitled to relief under *United States v. Booker*, 543 U.S. ---, 125 S. Ct. 738 (2005), or *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Accordingly, Defendant's motion will be denied.

## BACKGROUND

On August 10, 1999, a grand jury returned an indictment charging Defendant with: (1) two counts of possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 1-2); (2) one count of possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3); (3) one count of possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 4); and (4) one count of possession of a firearm during and in relation to a drug trafficking felony in violation of 21 U.S.C. § 841(a) (Count 5). On January 5, 2000, the Court granted Defendant's motion to sever Count 1 from the remaining charges. On February 15, 2000, a jury trial on Count 1 commenced. The following day, February 16, 2000, the jury found

Defendant guilty on Count 1. On July 14, 2000, the Court sentenced Defendant to a term of incarceration of fifty-one months. On September 5, 2000, a jury trial on Counts 2-5 commenced. On September 8, 2000, the jury found Defendant guilty on Counts 2-4. The Government withdrew Count 5. On May 24, 2001, the Court sentenced Defendant to a term of incarceration of 108 months to run concurrently with the sentence imposed following Defendant's conviction on Count 1. Defendant filed a direct appeal with the United States Court of Appeals for the Third Circuit. Defendant's conviction was affirmed. Thereafter, Defendant filed a petition for writ of certiorari with the United States Supreme Court. Defendant's petition was denied.

On December 12, 2003, Defendant filed a motion pursuant to 28 U.S.C. § 2255 to set aside, correct or vacate his sentence. (Doc. 240.) On February 6, 2004, the Court issued a notice to Defendant pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), apprising him of the implications of filing a motion pursuant to § 2255 that does not contain all of his claims for relief. (Doc. 241.) Thereafter, Defendant requested that the Court rule on the motion as filed. (Doc. 242.) However, on July 26, 2004, Defendant filed a motion to amend the motion (Doc. 245), which the Court granted (Doc. 246). Defendant never filed an amendment, and the Court dismissed the motion on June 20, 2005. (Doc. 252.) On June 29, 2005, Defendant filed the instant motion for reconsideration. (Doc. 253.) Although the Government has not filed a brief in opposition to Defendant's motion, the matter is ripe for disposition.

## STANDARD OF REVIEW

The Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was

not available when the Court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Litigants should not use a motion for reconsideration to reargue matters already argued and disposed of by prior rulings or to put forth additional arguments that the litigant neglected to make prior to judgment. *See Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992). In deference to the strong interest in the finality of judgments, courts should grant motions for reconsideration sparingly. *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## DISCUSSION

Defendant argues that the Court erred by dismissing his § 2255 motion without considering his argument premised on *Blakely v. Washington,* 542 U.S. 296 (2004), which was included in his motion to amend. Although the Court directed Defendant to file an amended motion when Defendant's motion to amend was granted, the Court could have considered the argument because Defendant had included the argument in his motion to amend. Therefore, Defendant's motion is well taken, and the Court will proceed to an analysis of Defendant's argument that the Court unconstitutionally imposed a sentence based on facts not found by jury beyond a reasonable doubt.

In the motion to amend, and in the instant motion for reconsideration, Defendant relies primarily upon *Blakely* for support of his contention that his sentence is unconstitutional because the Court enhanced his sentence based on facts not found beyond a reasonable doubt by a jury. (*See* Docs. 245, 253.) Defendant's argument is

3

now governed by the intervening decision of *United States v. Booker*, 543 U.S. ---, 125 S. Ct. 738 (2005), because he was convicted and sentenced in federal court. The Court need not address the merits of this argument because Defendant is not entitled to relief.

Defendant's conviction became final on April 11, 2003, when the United States Supreme Court denied Defendant's petition for certiorari. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). The United States Court of Appeals for the Third Circuit held that the rule espoused by the Supreme Court in *Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005. *Lloyd v. United States*, No. 04-3549, 2005 WL 1155220, at *6 (3d Cir. May 17, 2005).

Defendant also argues that he is entitled to relief under *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Under *Apprendi*, "any fact that increased the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. As noted above, Defendant was convicted of violating § 841(a). Pursuant to 21 U.S.C. § 841(b)(1)(C), the statutory maximum for a violation of § 841(a) involving a schedule II drug is a period of incarceration of twenty years. The Court sentenced Defendant to a term of incarceration of only 108 months, well below the statutory maximum. Therefore, there is no *Apprendi* violation.

## CONCLUSION

The Court finds that Defendant is not entitled to relief under *Booker* because his conviction became final before the Supreme Court decide *Booker*, and the Third Circuit Court of Appeals has held that *Booker* does not apply retroactively. The Court also finds that Defendant is not entitled to relief under *Apprendi* because he received a sentence

4

well below the statutory maximum.  Consequently, Defendant's motion for reconsideration will be denied.

    An appropriate Order follows.

| | |
|---|---|
| July 25, 2005 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:98-CR-158 |
| GENE BARRET JOHNSON a/k/a GEXEX JOHNSON, | (JUDGE CAPUTO) |
| Defendant. | |

## **ORDER**

**NOW**, this  25th  day of July, 2005, **IT IS HEREBY ORDERED** that Defendant Gene Barret Johnson's Emergency Motion For Reconsideration (Doc. 253) is **DENIED**.

              /s/ A. Richard Caputo
              A. Richard Caputo
              United States District Judge